UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| John Beatty, Thomas Beatty, William Gleason, Timothy S. Krieger and David Pichotta, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>North Central Companies, Inc., a Minnesota corporation, Larry Zilverberg, Scott Moarn, John Does Nos. 1 through 10, and Mary Roes Nos. 1 through 10,<br><br>Defendants. | Court File No. 00-CV-186 DWF/AJB<br><br>and order<br><br>**STIPULATION REGARDING CONFIDENTIALITY ORDER UNDER FED. R. CIV. P. 26(c)** |

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED that, under Federal Rule of Civil Procedure 26(c), the Court may enter a Protective Order governing the confidentiality of information and documents produced in the above-entitled action in the form attached hereto.

Dated: June 13, 2000

LAW OFFICE OF PHILIP W. GETTS

By: ______________________
Philip W. Getts (#34393)
2116 Second Avenue South
Minneapolis, Minnesota 55404
(612) 874-7071

ATTORNEYS FOR PLAINTIFFS

FILED JUN 15 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Dated: June 13, 2000

DUCKSON & CARLSON, LLC

By: ______________________________

Scott R. Carlson (#192284)
2100 Metropolitan Centre
333 South Seventh Street
Minneapolis, Minnesota 55402
(612) 317-9745

ATTORNEYS FOR DEFENDANTS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| John Beatty, Thomas Beatty, William Gleason, Timothy S. Krieger and David Pichotta, on behalf of themselves and all other persons similarly situated, | Court File No. 00-CV-186 DWF/AJB |
| Plaintiffs, | CONFIDENTIALITY ORDER UNDER FED. R. CIV. P. 26(c) |
| v. | |
| North Central Companies, Inc., a Minnesota corporation, Larry Zilverberg, Scott Moarn, John Does Nos. 1 through 10, and Mary Roes Nos. 1 through 10, | |
| Defendants. | |

WHEREAS, plaintiff and defendants each believe that, during the course of discovery in this action, the parties hereto, as well as non-parties, may receive discovery requests requiring disclosure of certain information and/or materials deemed to constitute trade secrets or confidential research, development, financial, or commercial information entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, each of the parties believes that it would serve its interest to conduct discovery under a protective order governing the terms and conditions upon which disclosure of such information and/or materials during discovery shall occur, and have stipulated to entry of this Protective Order.

NOW, THEREFORE, for good cause and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Stipulation of the parties,

FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

IT IS HEREBY ORDERED THAT:

1. Until further Order of this Court, all discovery in this Action shall be subject to this Protective Order.

2. As used herein, CONFIDENTIAL MATERIALS shall mean all information, documents and things subject to discovery in this Action which are owned or controlled by the producing party and believed by that party to contain or constitute trade secrets or confidential research, development, financial or commercial information entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" by the producing party. Without limiting in any way the generality of the foregoing, CONFIDENTIAL MATERIALS may include pleadings, testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31, answers to interrogatories pursuant to Rule 33, documents and things produced or information obtained from inspection of premises or things pursuant to Rule 34, and responses to requests for admission pursuant to Rule 36. CONFIDENTIAL MATERIALS shall also include all copies, summaries or abstracts of CONFIDENTIAL MATERIALS.

3. As used herein, "Trial Counsel" shall mean those attorneys who are members or associates of any law firms employed by the parties and who are charged with the responsibility for and actively engaged in trial preparation of this Action, as well as their respective legal assistants, secretaries and clerks whose functions require access to CONFIDENTIAL MATERIALS. "Trial Counsel" does not include attorneys who are employees of any party.

4. The producing party shall label or mark (in such manner as will not interfere with the legibility thereof) documents, things and objects or any information in other form that it deems to be CONFIDENTIAL MATERIALS with the term "CONFIDENTIAL PURSUANT TO COURT ORDER" in the following manner:

a. by stamping each page of any document or pleading deemed to contain CONFIDENTIAL MATERIALS with the designation "CONFIDENTIAL PURSUANT TO COURT ORDER;"

b. by imprinting the designation "CONFIDENTIAL PURSUANT TO COURT ORDER" next to each answer to interrogatory, response to deposition upon written question, or response to request for admission deemed to disclose CONFIDENTIAL MATERIALS;

c. all deposition transcripts shall be deemed to be CONFIDENTIAL MATERIALS for a period of sixty (60) days after receipt of the transcript from the court reporter; thereafter, only such portions of a transcript as are affirmatively designated in writing pursuant to this Paragraph by a party shall be deemed to be CONFIDENTIAL MATERIALS. The party designating a portion of a deposition transcript as confidential shall provide written notice to all other parties and to the court reporter by listing the page and inclusive line numbers of the material to be kept confidential. In any deposition transcript in which any portion of the transcript has been designated CONFIDENTIAL MATERIALS by any party, the court reporter shall imprint the word "CONFIDENTIAL" on each page of the original deposition transcript so designated by any party and shall seal those pages of the original transcript in a separate envelope from those pages of the original transcript which have not been designated "CONFIDENTIAL" by any party. In addition, each party receiving a copy of a deposition transcript, portions of which have been designated "CONFIDENTIAL," shall imprint the word "CONFIDENTIAL" on each page of all copies of the transcript so designated. A deposition containing confidential information shall not be filed with the Court unless those pages designated "CONFIDENTIAL" have first been placed in a sealed envelope bearing the designation hereinafter provided for in paragraph 19;

d. by describing in writing and in sufficient detail any non-written materials and by providing written notice to all other parties that such non-written material shall be CONFIDENTIAL MATERIALS; and

e. by affixing to the canister or cassette of all videotapes and to computer diskettes the designation "CONFIDENTIAL PUURSUANT TO COURT ORDER."

In lieu of marking original documents, the producing party may mark the copies that are produced or exchanged, and the fact that the original documents themselves may not be designated as "CONFIDENTIAL MATERIALS" shall not constitute a waiver of the producing party's confidentiality designation. It shall be the affirmative responsibility of the party applying any label

or stamp pursuant to this Paragraph to ensure that such label or stamp does not obliterate or impair the legibility of any portion of the contents of the document to which it is applied.

5. The obligation to designate information as CONFIDENTIAL MATERIALS shall be upon the producing party. Except with respect to deposition testimony and discovery from persons not parties to this action (hereinafter "third parties"), the "CONFIDENTIAL" designation shall be made before a copy of the information, document or thing is provided to the discovering party. The failure to label or mark any item as CONFIDENTIAL MATERIALS (or as otherwise provided for herein) will not in any manner be deemed an admission by the producing party of lack of proprietary interest or confidentiality of such item in any other matter besides this Action.

6. Any information, document or thing designated as CONFIDENTIAL MATERIALS shall not, without the prior written consent of the producing party or until this Court rules that any such CONFIDENTIAL MATERIALS are not confidential or may otherwise be disclosed or disseminated, be made public and shall not be disclosed or disseminated to any person other than:

a. individual parties and two officers or employees of each corporate party, provided that (i) access by such persons is reasonably necessary to prosecute the action, and the disclosed information is used only for that purpose, and (ii) each person executes a Certification in the form attached as Exhibit A hereto, and such Certification is served on the producing party before access to confidential materials is allowed;

b Trial Counsel for the parties;

c. Court personnel and employees, including stenographic reporters;

d. (i) persons noticed for depositions or designated as trial witnesses; and (ii) outside consultants or experts retained for purposes of this Action; provided, however, that in the event such outside consultant or expert is an officer, employee, director, or advisor of or consultant to a manufacturer or distributor of animal feeds, then, prior to disclosure, a notice shall be served on the producing party, including an executed certification in the form of Exhibit A hereto and a current curriculum vitae of such consultant or expert. The producing party shall have seven days to object to the proposed disclosure. If such an objection is made, the receiving party shall not disclose the CONFIDENTIAL MATERIALS to the person, provided, however, that

the receiving party may move the Court for an order allowing access for the person. In such motion, the party opposing disclosure shall bear the burden of proof that disclosure is not appropriate under the Federal Rules of Civil Procedure, Rule 26.

e. persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Before disclosing any CONFIDENTIAL MATERIALS to any persons listed in subparagraphs (a), (d), and (e), the disclosing Trial Counsel shall first inform such persons to whom disclosure is to be made that the material to be disclosed is "CONFIDENTIAL", is to be held in confidence and used solely for the purpose of this Action, and that it is strictly forbidden to use any CONFIDENTIAL MATERIALS for any business, consulting, competitive or other purposes unrelated to this Action; and shall then obtain from each such person an agreement, in the form attached hereto as Exhibit A, executed under oath, and shall retain the original of the agreement with respect to each such person.

7. CONFIDENTIAL MATERIALS marked "ATTORNEYS ' EYES ONLY" may be disclosed and disseminated only to persons listed in paragraph 6, subparagraphs (b), (c), (d)(ii), and (e). Each consulting or testifying witness receiving CONFIDENTIAL MATERIALS marked "ATTORNEYS' EYES ONLY" shall sign an agreement, in the form attached here to as Exhibit B, executed under oath, and Trial Counsel who disclosed such "ATTORNEYS' EYES ONLY" CONFIDENTIAL MATERIALS shall retain the original of the agreement with respect to each such person.

8. In the event that a party desires to provide access to or disseminate CONFIDENTIAL MATERIALS or ATTORNEYS' EYES ONLY CONFIDENTIAL MATERIALS to any person not entitled to access to such materials under paragraphs 6 or 7, that party may move the Court for an Order that such person be given access if the parties cannot agree to such additional access or dissemination. If the motion is granted, such person may have access to the CONFIDENTIAL

MATERIALS or ATTORNEY'S EYES ONLY CONFIDENTIAL MATERIALS after first signing the appropriate form of agreement attached hereto, and under any other conditions imposed by the Court.

9. Restrictions and obligations set forth herein relating to CONFIDENTIAL MATERIALS shall not apply to any information or documents to which the parties agree, or the Court rules:

a. are already public knowledge; or

b. become public knowledge other than as a result of disclosure by a receiving party; or

c. have come or shall come into the receiving party's legitimate possession from some source other than a party to this Action, and would otherwise not be entitled to protection under this Order.

Nothing in this Protective Order shall restrict a party or its Trial Counsel from using or disclosing information which they already possess or may acquire by proper means in the future independent of the formal discovery process in this Action. This Protective Order shall not prohibit a party's Trial Counsel from contacting any person merely because that person's identity is disclosed in information that has been designated as CONFIDENTIAL. The restrictions and obligations set forth herein shall not be deemed to prohibit discussions with any person of any CONFIDENTIAL MATERIALS if the person already has or obtains legitimate possession thereof.

10. Copies of documents may be provided in masked form if the masking serves to redact: (a) information protected by the attorney-client privilege; (b) information protected by the work-product doctrine; (c) information not called for by the discovery requests served on the responding party, and/or; (d) information the production of which has been objected to by the responding party. If a party provides documents in masked form, that party shall also provide to the

receiving party a log identifying the information masked and staling the purpose for the masking. The receiving party may take issue with the masking of the identified information by filing an appropriate motion with the Court.

11. Nothing in this Protective Order shall require disclosure of materials a party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine. This paragraph shall not, however, be construed to preclude any party from moving the Court for an order directing the disclosure of such materials.

12. This Protective Order applies to all discovery from third parties, and any party or the producing third party may designate such materials as "CONFIDENTIAL".

13. No person may refuse to answer any question at a deposition on the sole ground that the question requires the person to disclose CONFIDENTIAL MATERIALS. If a question to be posed, or an answer, at a deposition will disclose CONFIDENTIAL MATERIALS, the deposition must proceed upon the following basis: prior to interposing the question or answering the question, all persons present shall be advised of the terms and conditions of this Protective Order and, at the request of the designating party, all persons not authorized to receive CONFIDENTIAL MATERIALS under this Protective Order shall leave the room during the time in which the CONFIDENTIAL MATERIALS are disclosed or discussed.

14. No copy of any transcript of any deposition taken by any party which is designated in part or in whole as CONFIDENTIAL MATERIALS in accordance with paragraph 4 shall be furnished by the reporter to any person other than to Trial Counsel. All pages of any transcript of any deposition designated as CONFIDENTIAL MATERIALS in accordance with paragraph 4 shall be filed with the Court under seal in accordance with paragraph 17, unless otherwise stipulated by the parties.

15. The inadvertent or unintended disclosure by the supplying party of CONFIDENTIAL MATERIALS, regardless of whether the information was designated "CONFIDENTIAL" at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

16. A party shall not be obligated to challenge the propriety of another party's designation of information as "CONFIDENTIAL" at the time said designation is made, and the failure to do so shall not constitute an admission by the receiving party, or permit an inference, that the CONFIDENTIAL MATERIALS are in fact CONFIDENTIAL and shall not preclude a subsequent challenge to any assertion of confidentiality. In the event that any party disagrees with a confidentiality designation by the producing party, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, with the burden being on the party asserting confidentiality to show the confidential nature of the information so designated.

17. If CONFIDENTIAL MATERIALS are to be filed with the Court in connection with any proceeding herein, the party filing the CONFIDENTIAL MATERIALS shall:

a. instruct the Clerk of Court in writing of the confidential nature of the materials and that they should not be displayed or revealed except by order of the Court; and

b. present the CONFIDENTIAL MATERIALS to be filed to the Clerk of the Court in sealed envelopes prominently marked with the caption of the case and the notation:

"Contains Confidential Information Filed Under Seal Pursuant to the Protective Order of [date] to be Opened Only by or as Directed by the Court."

The Clerk of Court is directed to maintain under seal all pleadings, documents, transcripts of deposition testimony, affidavits, memoranda of law and other papers filed in this Action which have been designated by counsel, in whole or in part, as CONFIDENTIAL MATERIALS.

18. There shall be no reproduction whatsoever of any CONFIDENTIAL MATERIALS, except as required in this Action. Copies, excerpts, or summaries of CONFIDENTIAL MATERIALS may be shown or given only to those authorized to have access to CONFIDENTIAL MATERIALS pursuant to this Protective Order, and this Order shall apply to any such copies, excerpts or summaries.

19. All labels, stamps, or other designations or writing applied to any document pursuant to this Stipulation and Order shall be removed before any such document is offered into evidence for any purpose at trial. A party's failure to remove such label, stamp, or other designation shall be grounds for objection to and exclusion of the document..

19. After final termination of this Action, including all appeals. Trial Counsel for each party shall destroy all other CONFIDENTIAL MATERIALS received from such party during the course of this Action, including all copies of discovery and all excerpts or summaries thereof or any other materials derived there from or referring thereto, except documents properly classified as work product.

20. Within ten (10) days of the final dismissal of this Action, Trial Counsel for each party shall forward to opposing Trial Counsel a copy of all signed agreements by all persons who have been given access to CONFIDENTIAL MATERIALS.

21. The obligations described in this Protective Order are to be enforced for the period of this Action and shall remain in effect subsequent to its final termination so as to protect the confidentiality of CONFIDENTIAL MATERIALS.

22. This Protective Order shall not prevent a party from applying to the Court for relief there from, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Protective Order, subject to the approval of the Court.

23. Violations of this Protective Order shall be subject to the contempt powers of the Court and such other sanctions as the Court may deem appropriate.

IT IS SO ORDERED.

Dated: 6/15/00

BY THE COURT:

Arthur J. Boylan
United States Magistrate Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| John Beatty, Thomas Beatty, William Gleason, Timothy S. Krieger and David Pichotta, on behalf of themselves and all other persons similarly situated, | Court File No. 00-CV-186 DWF/AJB |
| Plaintiffs, | AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER UNDER FED. R. CIV. P. 26(c) |
| v. | |
| North Central Companies, Inc., a Minnesota corporation, Larry Zilverberg, Scott Moarn, John Does Nos. 1 through 10, and Mary Roes Nos. 1 through 10, | |
| Defendants. | |

STATE OF )
) ss.
COUNTY OF )

______________________________, being first duly sworn, deposes and states as follows:

1. My address is ________________________________________________________________________________.

2. My present employer is ________________________ and the address of my present employment is ________________________________________________________________________________.

3. My present occupation or job description is ____________________________________________________________________.

4. I have received a copy of the Confidentiality Order in this Action signed by United States Magistrate Judge Boylan on ____________________.

5. I have carefully read and understand the provisions of the Confidentiality Order, and I agree to comply with, and to be bound by, its terms.

6. I will hold in confidence, not disclose to anyone not qualified under the Confidentiality Order, and will use only for purposes of this Action, materials marked

"CONFIDENTIAL", "CONFIDENTIAL PURSUANT TO COURT ORDER", or any other designation including the term "CONFIDENTIAL" that are disclosed to me.

7. I will return all materials marked "CONFIDENTIAL," "CONFIDENTIAL PURSUANT TO COURT ORDER", or any other designation including the term "CONFIDENTIAL" that may come into my possession, and documents or things that I may prepare relating thereto, to trial counsel for the party by whom I am employed or retained.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Confidentiality Order against me in this Action, and understand that I may be found in contempt of court if I violate this Agreement.

[Typed Name]

Subscribed and sworn to before me
this _____ day of _________, 200__.

Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.