**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

John Beatty, Thomas Beatty, William Gleason, Timothy Krieger, and David Pichotta, on behalf of themselves and all other persons similarly situated,

Civil No. 00-186 (DWF/AJB)

Plaintiffs,

v.

**ORDER**

North Central Companies, Inc., a Minnesota corporation; Larry R. Silverberg; Scott Moarn; John G. Bowlsby; Gregory J. Zilverberg; Mark R. Jeffries; John Does, Nos. 1 through 10; and Mary Roes, Nos. 1 through 10,

Defendants.

---

Philip W. Getts, Esq., Getts Law Office, 2116 Second Avenue South, Minneapolis, MN 55404; Mark J. Vieno, Esq., Vieno Law Office, 2116 Second Avenue South, Minneapolis, MN 55404, counsel for Plaintiffs.

Alan I. Silver, Esq., Bassford, Lockhart, Truesdell & Briggs, 3550 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402; Scott R. Carlson, Esq., and Benjamin R. Skjold, Esq., Duckson & Carlson, 333 Seventh Street South, Suite 2100, Minneapolis, MN 55402, counsel for Defendants.

---

This matter is before the Court upon Plaintiffs' appeal of Magistrate Judge Arthur J. Boylan's order dated November 22, 2000, in which Magistrate Judge Boylan granted the Defendants' Motion to Extend the Period for Designation of Experts and Disclosure of Expert Reports, subject to: (1) the expert report of Joel Lebewitz being served on or before November 27, 2000; (2) the deposition of Joel Lebewitz occurring prior to the deposition of Harold Dahl; and (3) the Defendants paying to

DEC 22 2000
FILED
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiffs the sum of $2,500 to reimburse Plaintiffs' counsel for the cost of reviewing Joel Lebewitz's report with Plaintiffs' expert and the cost of taking Joel Lebewitz's deposition. All remaining deadlines set forth in Magistrate Judge Boylan's April 4, 2000, scheduling order remained unchanged.

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). The Court finds that Magistrate Judge Boylan's order is neither clearly erroneous nor contrary to law. For the reasons stated herein, the Court denies Plaintiffs' appeal and affirms Magistrate Judge Boylan's order of November 22, 2000, in all respects.

The Court finds that Magistrate Judge Boylan's order is neither clearly erroneous nor contrary to law.

Accordingly, **IT IS HEREBY ORDERED** THAT:

1. Magistrate Judge Arthur J. Boylan's order of November 22, 2000 (Doc. No. 37) is **AFFIRMED.**

Dated: December 22, 2000

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

The Court has concluded that the decision of Magistrate Judge Arthur J. Boylan to extend the period for designation of experts and disclosure of expert reports by the Defendant was not clearly erroneous or contrary to law, particularly given the conditions that Magistrate Judge Boylan

established in extending the time that the Defendants had to designate an expert and file an expert report.

This case is factually distinguishable from the cases cited by the Plaintiffs. Joel Lebewitz was listed as a witness prior to his being named an expert upon the entry of Mr. Silver into the case.

Plaintiffs are correct in asserting that there has been particular vigilance accorded to strict compliance with scheduling orders, including the imposition of sanctions such as excluding the report or testimony of an expert. This Court continues to believe that such vigilance to strict compliance with scheduling orders is needed if there is to be more than lip service paid to deadlines established in Rule 16 orders. The integrity and credibility of the court system and the Court's orders are often at stake.

Every trial judge has an obligation to evaluate whether the parties have in good faith complied with scheduling orders. When that evaluation occurs, however, a trial judge must balance the issues of fairness, prejudice, and, of course, the interests of justice. That balance does not include taking into account the trial strategy of opposing counsel. Admittedly, this balance is often a delicate one, but every judge must exercise his or her discretion when such motions, as the one before the Court, are decided. That is precisely what Magistrate Judge Boylan did in the case before the Court.

The manner in which Magistrate Judge Boylan exercised his discretion in evaluating the interests of both parties, including the interests of fairness and prejudice, was not clearly erroneous nor contrary to law. For the reasons stated, therefore, the Court affirms Magistrate Judge Boylan's order of November 22, 2000.

D.W.F.